CLD-248                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3274
_____

ALLEN MORSLEY,
                                             Appellant
v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No.1-11-cv-01246)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 25, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: September 2, 2015)
_____

OPINION*
_____

PER CURIAM

        Allen Morsley appeals the District Court's order denying his petition filed

pursuant to 28 U.S.C. § 2241.  For the reasons below, we will summarily affirm the

District Court's order.

In 1993, Morsley was convicted in the District Court for the Eastern District of North Carolina of, inter alia, a drug trafficking conspiracy and the use and carrying of a firearm during and in relation to the drug trafficking offense and aiding and abetting thereof. See 18 U.S.C. §§ 2 and 924(c). He was sentenced to life in prison on the drug trafficking charge and a consecutive sentence of five years on the firearm charge. After an unsuccessful direct appeal and multiple collateral proceedings, Morsley filed a § 2241 petition in the District Court for the Middle District of Pennsylvania where he was confined. The District Court considered the merits of Morsley's claims and denied the petition. Morsley filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

Morsley argues that his conviction for using and carrying a firearm during and in relation to the drug trafficking offense was invalidated by the Supreme Court's decision in Watson v. United States, 552 U.S. 74 (2007). In Watson, the Supreme Court held that one who receives a gun in a trade for drugs does not "use" a firearm within the meaning of 18 U.S.C. § 924(c). Watson, 552 U.S. at 83. Morsley argues that his § 924(c) conviction was based on such a bartering transaction, and he is actually innocent of the firearm charge.[1]

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Morsley appears to assert in his § 2241 petition that the Court of Appeals relied on his attempt to trade drugs for a gun as the basis for affirming his conviction on the firearm

2

The District Court determined that Morsley could raise this claim via a § 2241 petition because Watson was an intervening change in substantive law which may deem his conduct no longer criminal and Morsley had no earlier opportunity to raise the claim. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). We agree. However, we also agree with the District Court that Morsley's claim fails on the merits.

To support his claim of actual innocence, Morsley must establish that it is more likely than not that no reasonable juror would have convicted him of using and carrying a firearm in relation to the drug trafficking offense. See Bousley v. United States, 523 U.S. 614, 623-24 (1998); see also United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (Bousley standard applies to innocence claims brought under § 2241). "Use" of a firearm includes brandishing and displaying a firearm. Bailey v. United States, 516 U.S. 137, 148 (1995). "Use" also includes "a reference to a firearm calculated to bring about a change in the circumstances of the [drug trafficking] offense" as well as "the silent but obvious and forceful presence of a gun on a table." Id.

In support of the firearm charge, the Government cited to the testimony of Joseph Bostic III. He testified that in 1992 he rode around with Morsley to get money from people and give them powder cocaine and crack cocaine. This lasted about a year. When Bostic chose to stop going on these trips, Morsley and two others showed up at Bostic's

count. Pet. at 3. However, the Court pointed to that testimony in affirming Morsley's challenge to the sufficiency of the evidence for the *conspiracy* charge; Morsley did not challenge the sufficiency of the evidence for the firearm charge on appeal. United States v. Morsley, 64 F.3d 907, 919 (4th Cir. 1995).

house with guns and threatened him to try to convince him to continue. When Morsley's trial attorney unsuccessfully moved for judgment of acquittal on the firearm count, the prosecutor pointed to the attempted trade of drugs for a gun by Morsley but also referred to Bostic's testimony. In its closing, the prosecutor relied on the Bostic testimony as the basis for the firearm charge. Given Bostic's testimony that Morsley threatened him with a gun to convince him to continue aiding him with his drug trafficking, Morsley cannot show that no reasonable juror would have convicted him of using and carrying the firearm in relation to the drug trafficking offense. Bousley, 523 U.S. at 623-24; Bailey, 516 U.S. at 148 ("use" includes displaying firearm).

Morsley appears to argue that he is entitled to a new trial because it is not clear whether the jury convicted him of the firearm charge based on the attempted barter transaction, his aiding and abetting a co-conspirator's use and carrying, or Bostic's testimony. When the evidence is insufficient to support a conviction on one legal theory but sufficient on another theory, we will assume that the jury convicted the defendant on the factually sufficient theory. Tyler, 732 F.3d at 253. However, if one of the theories is legally invalid, the conviction should be vacated and remanded for a new trial. Id. A legal theory is invalid if the indictment or jury instructions are based on an erroneous interpretation of law. Id. Here, there is no legal theory in the firearm count of the indictment or the excerpt of the relevant jury instructions provided by Morsley that is

invalidated by the Supreme Court's decision in <u>Watson</u>.[2] The jury instructions did not specifically address the attempted trade of drugs for a gun. Thus, Morsley is not entitled to a new trial on the firearm count.

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6.

---

[2] While Morsley argues that his jury instructions are invalid under <u>Bailey</u>, we previously held that because Morsley failed to raise a <u>Bailey</u> claim in his motion filed pursuant to 28 U.S.C. § 2255, he could not use a § 2241 petition to raise such a claim. <u>See</u> C.A. No. 04-2249. Thus, we confine our analysis to the impact of <u>Watson</u> on the firearm count.